UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-61687-CV-DIMITROULEAS

WINDER MORALES ROMERO,

       Petitioner,

v.

U.S. Immigration and Customs Enforcement
(ICE), *et al.*

       Respondents.
_____/

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

**THIS CAUSE** is before the Court on Petitioner Winder Morales Romero ("Petitioner")'s Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [DE 1], filed June 12, 2026. The Court has considered the Petition [DE 1] and is otherwise fully advised in the premises.

The Petition states that Mr. Romero was detained by ICE on June 9, 2026 while driving in a vehicle. Petitioner was charged with having entered the United States without admission or inspection pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). Petitioner does not state whether he has requested a bond hearing, or whether one has been denied. Instead, Petitioner, without support, avers that "[c]urrently, Immigration Judges all over the United States continue to deny bond requests by ruling that they lack jurisdiction over individuals who entered the Untied States without inspection based on an incorrect interpretation of current applicable statutes." [DE 1] ¶ 53. Petitioner appears concerned he, too, will be denied a bond hearing.

The federal habeas corpus statute, 28 U.S.C. § 2241, "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Cadet v. Bulger*, 377 F.3d 1173, 1181–82 (11th Cir. 2004)

1

(quoting 28 U.S.C. § 2241(c)(3)). "It is the petitioner's burden to establish his right to habeas relief and he must prove all facts necessary to show a constitutional violation." *Blankenship v. Hall*, 542 F.3d 1253, 1270 (11th Cir. 2008) (citation omitted). District courts have the authority to summarily dismiss a § 2241 petition if "[i]t plainly appears from [the] petition that [the petitioner] is not entitled to § 2241 relief." *Morgan v. Warden*, 589 F. App'x 530, 531 (11th Cir. 2015) (citation omitted).

Under the Eleventh Circuit in *Hernandez Alverez v. Warden, Federal Detention Center Miami, et al.,* 175 F.4th 1258 (11th Cir. 2026) it appears Petitioner is entitled to a bond hearing under § 1226(a). Nevertheless, a habeas petitioner must first exhaust administrative remedies by moving for a bond hearing with ICE before seeking review in the district court. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). Petitioner's apparent speculation that he will not be granted afforded an individualized bond hearing does not suffice to meet the exhaustion requirement. The Court's action at this juncture would only serve to permit Petitioner to jump to the front of the bond-hearing line. Still, Petitioner may renew his petition upon a showing that he has been improperly denied a hearing.

Accordingly, it is **ORDERED AND ADJUDGED** as follows

1. The Petition [DE 1] is **DENIED WITHOUT PREJUDICE** to renewing upon a showing that Petitioner has been improperly denied a bond hearing.

2. The Clerk is **DIRECTED** to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 15th day of June, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

2

Copies to: Counsel of record